Michael Lee DOMINGUEZ,
Petitioner—Appellant,

v.

R.Q. HICKMAN, Warden; Attorney General of the State of California; Bill Lockyer, Respondents—Appellees.

No. 00–55866.

D.C. No. CV–99–09672–CBM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 23, 2002.*

Before NOONAN and WARDLAW, Circuit Judges, and SCHWARZER,** District Judge.

MEMORANDUM ***

Michael Lee Dominguez appeals from the district court's judgment dismissing his federal habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a habeas petition, *Karis v. Calderon*, 283 F.3d 1117, 1126 (9th Cir.2002), and we affirm.

AEDPA establishes a one-year statute of limitations for filing federal habeas petitions. For prisoners like Dominguez, convicted before AEDPA's enactment, the clock starts running on April 24, 1996, the date of the Act's passage. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1286–87 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir.1998). Dominguez did not file his federal habeas petition until September of 1999, but argues that the statute of limitations was tolled while he sought state review. 28 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2244(d)(2) ("[The] time during which a properly filed application for State post-conviction ... review ... is pending shall not be counted toward any period of limitation under this subsection."). At issue is whether AEDPA's limitations period was tolled by a properly pending State application for post-conviction review.

Dominguez commenced his state post-conviction proceedings by filing a petition for habeas corpus in Los Angeles County Superior Court on December 31, 1996, eight months into the one-year limitations period. That petition was denied on January 14, 1997. Dominguez did not file another petition for nearly twenty-one months. On October 8, 1998, he again filed in Los Angeles County Superior Court. The court denied this second petition on November 2, 1998. He next filed a habeas petition in the California Court of Appeal, Second District, on December 4, 1998. After filing several additional state habeas petitions, Dominguez filed this federal habeas petition in September of 1999.

Under AEDPA, state post-conviction review is properly "pending" during the periods in which a state court considers a petition and "between a lower state court's decision and the filing of a notice of appeal to a *higher* state court." *Carey v. Saffold,* —— U.S. ——, 122 S.Ct. 2134, 2136, 2138, 153 L.Ed.2d 260 (2002) (emphasis added). California's collateral review system is unusual in that it does not require the filing of a notice of appeal, but rather the filing of an original habeas writ in the appellate court within a "reasonable" time of the lower court decision. *In re Harris,* 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391, 398 n. 7 (Cal.1993). Nevertheless, "California's system functions in ways sufficiently like other state systems of collat-

eral review to bring intervals between a lower court decision and a filing of a new petition in a *higher* court within the scope of the statutory word 'pending.'" *Carey,* 122 S.Ct. at 2140 (emphasis added).

Because Dominguez filed both his first and second state habeas petitions in the same court, nearly twenty-one months apart, he is not entitled to the benefit of the tolling provision set forth in 28 U.S.C. § 2244(d)(2). Therefore, his federal habeas petition is untimely.

AFFIRMED.